### MATHERS v. BULL.

1. APPEAL WILL BE DISMISSED UNLESS TRANSCRIPT SHOWS NOTICE OF APPEAL.

Unless the transcript of the record below shows that due notice of intention to appeal was given, a motion to dismiss the appeal must be granted, notwithstanding bond for appeal was executed.

2. INSUFFICIENT SHOWING OF NOTICE OF INTENTION TO APPEAL.

A petition in error to reverse an order of the common pleas refusing to grant a motion filed by leave to enter *nunc pro tunc* upon its journal a notice of appeal where an entry is found in the papers granting said motion and endorsed with the initial of the trial judge and marked filed by the clerk, but where the trial court refused to permit such an entry to be made, and there is no bill of exceptions or facts before the reviewing court to show that there was error in refusing to make the entry, must be dismissed and the judgment or order affirmed.

3. WHETHER RECORD CAN BE CORRECTED NUNC PRO TUNC.

Whether a record can be corrected so as to show notice of intention to appeal by a *nunc pro tunc* entry—*Quaere.*

HEARD on motions to dismiss appeals.

SMITH, J.

The motions to dismiss the appeal in each of these three cases must be granted.

The decree from which the defendant, James E. Bull, seeks to appeal, was rendered against him and others December 7, 1898. On that day, as appears by the transcript of the journal entries, A. V. Reid, one of the defendants, gave notice of his intention to take a separate appeal of that part of the case in which he was interested, and the court fixed the amount of bond at $500; but so far as appears from the transcript filed in this case, Reid did not appeal.

Nor does the transcript of the journal entries filed with these papers show any notice given by Bull of his intention to appeal these cases within three days after the decree or at any time, but on the sixth day of January, 1899, bond for appeal in each of the three cases in the sum or $500 was given.

Unless the transcript of the record shows that due notice of the intention to appeal the cases had been given by Bull, our duty is to dismiss the appeals. Opportunity was given the counsel for Mr. Bull to correct the transcripts filed, so that they would show due notice of the intention to appeal, if it ever had been entered, or by a *nunc pro tunc*

Mathers v. Bull.

entry of the court of common pleas, if such notice ever had been given, to have it appear on the journal of that court and then on the transcript of the journal entries, if such correction can be made by a *nunc pro tunc* entry after the time. But such correction has not been made, and the three cases stand here without it appearing from any journal entry of the court of common pleas that any notice of an intention by Bull to appeal the case had ever been given.

In this connection we may say that within a few days Mr. Bull, as plaintiff in error, has filed in this court a petition in error in another case, wherein he seeks to reverse an order or judgment of the court of common pleas, on a motion filed by him in such court, asking the court to enter upon its journal as of December 7, 1898, an entry of a notice by Bull to appeal the cases, and the fixing of the appeal bond in each case, which it was claimed was done on that day. It appears from the transcript filed with that case that the court of common pleas refused to grant the motion, and Bull excepted. No bill of exceptions was taken in the case, and if any evidence was heard in the common pleas on such hearing it is not before us in any legitimate way. The counsel does on the hearing present to us what purports to be such an entry in the original case, indorsed "S.," the initial letter of the judge who presided in the common pleas in the case, and marked filed by the clerk, but whether this is a genuine paper, or whether such an order was ever made by the said court, we have no means of judging. As the court which it is said made the order, refused to have it entered, there may be a presumption against it being genuine; at all events, we have no facts before us to show that the court of common pleas erred in refusing to enter such order *nunc pro tunc*, and the judgment or order must be affirmed.

The consequence then is that the motions to dismiss the three appeals must be granted, and they will be stricken from the docket.

*Wilby & Wald*, for the motions.

*F. W. Browne, contra.*